UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JEANETTE S. OLCZAK,

                Plaintiff,

v.

ANDREW SAUL, Commissioner of Social Security,

                Defendant.

DECISION & ORDER

18-CV-173-MJP

---

## INTRODUCTION

**Pedersen, M.J.** This was an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security ("Commissioner" or "Defendant"), which denied plaintiff Jennifer S. Olczak's ("Plaintiff") application for benefits. In a Decision and Order filed on August 19, 2019, ECF No. 15, the Honorable Jonathan W. Feldman granted Plaintiff's application for judgment on the pleadings and remanded the case to the Commissioner for further administrative proceedings. Now before the Court is Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(a) & (b). (Mot. for EAJA Fees, Nov. 19, 2019, ECF No. 17.) The application is granted.

## BACKGROUND

The facts of this case were set forth in the Court's prior Decision and Order and need not be repeated here. *Olczak v. Saul,* No. 18-CV-173-MJP. Briefly, Plaintiff maintained that the Administrative Law Judge ("A.L.J.") erred because the A.L.J. improperly discounted the opinions of Plaintiff's treating physician; the A.L.J.'s

reasons for affording "little weight" to Dr. Updike's opinions were insufficiently explained. *Olczak* at *13. Plaintiff's attorney now seeks a fee award of $8,154.64, based on 40.4 hours of work on this case. The Commissioner has not opposed the application.

## STANDARD OF LAW

"Under the EAJA, the Court must consider whether: (1) the claimant is a 'prevailing party'; (2) the Government's position was 'substantially justified'; (3) any 'special circumstances make an award unjust'; and (4) the fee application was submitted within thirty days of final judgment in the action." Santos v. Astrue, 752 F.Supp.2d 412, 415 (S.D.N.Y.2010) (citing *Kerin v. United States Postal Serv.*, 218 F.3d 185, 189 (2d Cir.2000)) (citation omitted).

## DISCUSSION

The application here was submitted timely, the claimant was a prevailing party, and no special circumstances make the award of a fee unjust. The legal standard concerning "substantial justification" under EAJA is clear: A court shall award attorneys' fees under the EAJA "unless the court finds that the position of the United States was substantially justified." *Pierce v. Underwood*, 487 U.S. 552, 559 (1988) (quoting 28 U.S.C. § 2412(d)(1)(A)). The test for determining whether a position is "substantially justified" is one of reasonableness, and the Government has the burden of demonstrating reasonableness by a "strong showing." *Cohen v. Bowen*, 837 F.2d 582, 585 (2d Cir. 1988) (quoting *Environmental Defense Fund, Inc. v. Watt*, 722 F.2d 1081, 1085 (2d Cir. 1983)).

The Supreme Court has suggested that the government's position would have to be somewhat "feeble" in order to warrant an award of fees under EAJA. *Pierce v. Underwood*, 108 S. Ct. at 2547 ("[O]ne would expect that where the Government's case is so feeble as to provide grounds for an EAJA award, there will often be (as there was here) a settlement below, or a failure to appeal from the adverse judgment."). The Commissioner must show that his position was substantially justified as to the issue upon which this Court remanded. *See, Maxey v. Chater*, No. 93-cv-606 (RSP/GJD), 1996 WL 492906 at *3 (N.D.N.Y. Aug. 28, 1996) ("The Commissioner cannot prevail by arguing that she was substantially justified in some of the positions she took if she was not substantially justified on the issue—failure to develop the record—that caused [the district court] to remand this case.").

In this case, the Court finds that the Commissioner's position was not substantially justified. The A.L.J.'s terse rationale for giving little weight to Dr. Updike's June 2014 RFC opinion was insufficient. Simply stating that the opinion "is not supported by substantial medical evidence" without any explanation or analysis prevents meaningful review and infers "boilerplate" claim processing. *See Cervantez v. Comm'r of Soc. Sec. Admin.*, 262 F. Supp. 3d 921, 929 (D. Ariz. 2017) ("[T]he A.L.J. failed to provide specific and legitimate reasons supported by substantial evidence for giving [treating doctor's] opinions little weight," where A.L.J.'s explanation was only that the opinion was "not supported by the medical evidence of record."). Accordingly, the Court will grant Plaintiff's application for an EAJA fee award.

Plaintiff's counsel argues in his memorandum of law that the EAJA hourly amount of $125.00, established in 1996, ought to be increased as a result of the current consumer price index to $206.49, and provides the algebraic calculation showing how he arrived at that figure. (Pl.'s Mem. of Law at 4, Nov 19, 2019, ECF No. 17-1.) The statute states in relevant part that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living…justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Second Circuit endorsed use of the consumer price index in *Harris v. Sullivan*, 968 F.2d 263, 265 (2d Cir. 1992). Therefore, the Court will adopt Plaintiff's counsel's calculation and use an adjusted hourly rate of $206.60 multiplied by 40.4 hours, which the Court finds is a reasonable fee and time spent on this matter.

## CONCLUSION

Plaintiff's motion for an award of EAJA fees (ECF No. 16) is granted. The Clerk will enter an award of $8,154.64 to Plaintiff's counsel under the Equal Access to Justice Act.

IT IS SO ORDERED.

DATED:   April 2, 2020
         Rochester, New York

                                        /s/ Mark W. Pedersen
                                        MARK W. PEDERSEN
                                        United States Magistrate Judge